# BALTIMORE LODGE 405, INTERNATIONAL ASSO-CIATION OF MACHINISTS

*vs.*

# GRAND LODGE OF THE INTERNATIONAL ASSO-CIATION OF MACHINISTS.

*Fraternal societies: appeals to courts; remedies of own consti-tution must be first exhausted. Appeals: remanding causes without affirmance or reversal; Section 38 of Article 5 of the Code.*

A member of a beneficial association can not, in the absence of fraud, etc., resort to the courts for relief when there is a rule of the society which requires him first to exhaust the remedies furnished by the association.                    p. 358

Where the substantial merits of a case will not be determined either by affirming or reversing an order appealed from, the Court of Appeals may, under Section 38 of Article 5 of the Code, remand the cause for further proceedings, without any affirmance or reversal.                                        p. 359

*Decided April 10th, 1919.*

Appeal from the Circuit Court of Baltimore City. (AM-BLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*W. W. Powell,* for the appellant.

*Frederick J. Singley* (with whom were *Hinkley, Hisky & Burger,* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The questions in this case are presented by the defendant's demurrer to the plaintiff's bill in equity, asking to be reinstated to membership in good standing in the Grand Lodge of International Association of Machinists, from which it is alleged the plaintiff had been improperly and illegally suspended and deprived of certain property rights.

The plaintiff is an unincorporated association and one of the subordinate lodges of the Grand Lodge of the International Association of Machinists, the defendant in the case.

The bill is filed by a subordinate lodge known as the Baltimore Lodge No. 405, of the association against the Grand Lodge and the International President and General Secretary, thereof, not only for the purpose of reinstatement to membership, but also for an injunction to restrain and enjoin the Grand Lodge and its officers from taking any action tending towards expulsion of its membership or interfering with their employment as a subordinate lodge of the association.

The grounds of the demurrer are: first, because the plaintiff has not stated in the bill such a case as entitles it to any relief in equity against the defendant; and second, because the plaintiff has not complied with the requirements of the laws, constitution and regulations of the Grand Lodge, relating to appeals by subordinate lodges, and the remedies thereby afforded, which must be complied with and exhausted before it can resort to a Court of Equity for relief.

The demurrer to the bill was sustained by the Court below and upon failure to amend, the bill was dismissed and the plaintiff has brought this appeal.

The facts out of which the controversy arose, appear from the record to be these: the appellant, one of the subordinate lodges of the Grand Lodge, was directed to join one of the

district lodges which had been formed by the Grand Lodge, to provide uniformity and harmony between the different subordinate lodges of the association. The appellant refused to obey the order or decision as directed, whereupon the International President of the Grand Lodge suspended it from membership in the association, and instructed the appellant's secretary to forward all supplies, papers and other property to the Grand Lodge and directed the members to transfer their membership to Lodge No. 186, another subordinate lodge, which was also located in the city.

The plaintiff appealed from this decision to the General Executive Board, as provided by the constitution and this board sustained the order of suspension of the appellant, as proper and regular and in accordance with the rules and regulations of the association.

The appellant then filed an appeal from the decision of the General Executive Board to what is designated by the association as referendum to the membership of the Grand Lodge of the association.

This appeal the Grand Lodge refused to entertain and submit until the order previously passed directing its supplies, papers and property to be turned over to the Grand Lodge be complied with, or until the appellant had secured the endorsement of a certain number of subordinate lodges, as required by the constitution.

The question in the case is a narrow one and depends for its determination upon the provisions of the constitution of the Grand Lodge and of the subordinate lodges relating to the right of appeal from decisions rendered by the Grand Lodge and its officers and boards.

By section 17 of Article 5 of the Constitution of the Grand Lodge it is provided, that all decisions rendered by the International President and the General Executive Board shall be complied with in full by all parties concerned in order to entitle them to enter an appeal.

By section 18 of the same Article, it is further provided that appeals may be taken from the decisions of the Inter-

national President, first to the General Executive Board, next to a convention or through the referendum to the membership. In no case however shall any member or lodge appeal to the civil courts for redress until they have first exhausted all their rights of appeal under the laws of the International Association of Machinists.

Section 2 of Article 10 of the Constitution of subordinate lodges, as to the rights of members and lodges pending and during an appeal provides:

> "Should the member or lodge decide to carry the appeal further, they must abide by the decision of the general executive board until it is reversed by a convention or a referendum. In no case shall any member or lodge appeal to the civil courts until they have first exhausted all their rights of appeal under the laws of the association."

It is admitted by the pleadings that the plaintiff refused to comply with the previous decision of the International President and that of the General Executive Board, and that the appellee refused to submit a further appeal through referendum to the membership until: first, the plaintiff fully complied with the previous decisions, and second, until it secured the endorsement of forty subordinate lodges.

The refusal of the appellee to submit a further appeal, until the appellant had fully complied with the decisions which had been previously made was entirely within the rules and constitution of the association and the plaintiff was not entitled or in a position to carry the appeal further or to even "enter an appeal," until they had been complied with.

In *Camp No. 6* v. *Arrington,* 107 Md. 319, this Court held that the general rule is thoroughly established in this State, that a member of a beneficial association can not, in the absence of fraud, resort to the courts for relief, when there is a rule in force, which requires him to exhaust the remedies furnished by the association. *Anacosta Tribe* v. *Murbach,* 13 Md. 94; *Osceola Tribe* v. *Schmidt,* 57 Md. 98;

*Triesler* v. *Wilson,* 89 Md. 177; *Wiegand* v. *Fraternities Order,* 97 Md. 443; *Smith* v. *Merriott,* 130 Md. 448; *Worshipful Grand Lodge* v. *Lee,* 131 Md. 682.

The second condition required by the appellee that the plaintiff should secure the endorsement of forty subordinate lodges before entering an appeal, does not appear to be a condition precedent to an appeal through the referendum to the membership as provided by section 18 of Article 5, under the head of "Decisions and Appeals," of the constitution.

Section 1 of Article 2 of the Constitution of the association relied upon by the appellee is titled "Amendments" and appears to relate to amendments to the constitution and not to "Appeals and Decisions," under the laws of the association, as provided by section 2 of Article 10 of the Constitution of subordinate lodges, and section 18 of Article 5 of the Constitution of the Grand Lodge.

It is very clear, we think, upon the record and pleadings now before us, that the substantial merits of this case will not be determined by the reversing or affirming of the order passed by the Court below and that the purposes of justice will be advanced by permitting further proceedings in the cause through an amendment of the pleadings or otherwise as the purposes of justice may require.

We shall, therefore, without affirming or reversing the order of the Court below remand the case for further proceedings under section 38 of Article 5 of the Code.

*Cause remanded under section 38 of Article 5.*