Knuth v. Lepp, 180 Wis. 529.

KNUTH and others, Respondents, vs. LEPP and others, Appellants.  [Four appeals.]

*April 4—May 1, 1923.*

*Injunction: Trade unions: Use of union label: Injunction to prevent wrongful withdrawal: Judgment: Action in federal court: Appeal and stay: Effect: Presumption as to force of judgment.*

1. Plaintiffs, members of a local trade union, brought action to enjoin the members of a trades council from denying the local the benefits and privileges of membership in the international union notwithstanding the local's rights had been passed upon in an action in the federal court and one of the

questions there decided was that the local was in good standing. As neither the individual plaintiffs or defendants in this action were parties to the record in the federal court, and the relief sought being based in part in reliance on the status of plaintiffs as .declared by the federal court decree, the instant action being to assert rights of the local as against the infringement of such rights by defendants, there was nothing asserted contrary to or conflicting with the federal decision so as to oust the state court of jurisdiction.

2. The fact that the judgment in the federal court action had been appealed and a stay granted did not affect the status of the parties as thereby fixed.

3. The recital of an entry of judgment carries with it a presumption that the judgment is still in force, which presumption need not be expressly pleaded; and where a complaint alleged a judgment and a subsequent appeal therefrom, it was not demurrable because of lack of allegation that the judgment was still in force.

4. As against a contention that the recitals in the complaint as to the use and value of the union label, of which defendants threaten to deprive the plaintiffs, do not sufficiently show such a contract or property right as will support the action, it is *held* that the complaint shows existing rights in plaintiffs which defendants are invading or threatening to invade.

5. Although members of organizations such as are involved in this case may, by express or implied consent, bind themselves to rules or regulations requiring that the members first exhaust the remedies afforded by the organization before resorting to the courts, no such consent is here disclosed.

Appeals from two several orders of the circuit court for Milwaukee county: John J. Gregory, Circuit Judge. *Both affirmed.*

These two actions were disposed of together in the court below and are here presented as one matter. They were commenced at the same time and the identical relief sought in each. The plaintiffs in one are the individual members of a voluntary association known as the Milwaukee Printing Pressmen's Union No. 7; the plaintiffs in the other are individual members of a similar voluntary association known as the Milwaukee Press Assistants' Union No. 27. The defendants are sued as individuals and as officers and members

of a voluntary association known as the Milwaukee Allied Printing Trades Council. The amended complaint recites, so far as deemed material here, the following:

All the individuals are residents of Milwaukee county, Wisconsin. That the Milwaukee Printing Pressmen's Union No. 7, hereinafter referred to as Union No. 7, is a voluntary association or labor union of which the individual plaintiffs in the first of said actions are members. The same thing applies to Milwaukee Press Assistants' Union No. 27 in the second cause of action; that each of said unions was a subsidiary of respective international unions.

That prior to July 19, 1921, a controversy had arisen between the members of Unions No. 7 and No. 27 and of several similar other local unions in other cities of the United States with the directors and executive officers of the international unions, during which the directors and executive officers of the said international unions attempted to suspend, expel, or discipline the said local unions and their members. That thereupon a bill in equity was filed against the officers of said international unions in the federal court of Tennessee, and among the other issues joined and presented in said cause was whether or not the local unions, plaintiffs herein, and the members thereof, were in good standing in said international unions.

That after hearing and on July 19, 1921, a judgment and decree was entered in said cause adjudging, among other things, that the plaintiffs as such local unions and the members thereof as they were constituted at the time of the commencement of said action were declared to be in good standing in the international unions and to have been in continuous good standing and entitled to all the rights, benefits, and privileges thereof upon condition that certain demands as to *per capita* taxes should be met as therein specified; that the defendants in said cause took an appeal from such decision and refused to accept the *per capita* taxes so tendered, and

thereafter on September 16th, by order in said cause, the plaintiff local unions and the members thereof were relieved from paying or tendering any money which had then accrued or would thereafter accrue from them to the said international unions during the pendency of said appeal.

The complaint also alleged that, independently of such federal decree, each of said local unions and their respective members were and always have been members in good standing in the respective international unions, having paid at the time of their attempted expulsion the *per capita* and other taxes and assessments then due.

That notwithstanding said decree and the rights and privileges adjudged to the plaintiffs thereby the directors and executive officers of the international unions have sought to and now attempt to deprive the plaintiffs of their said rights.

That for many years there has existed and now exists a voluntary association made up of representatives of several international unions which is known as the "International Allied Printing Trades Association," which with its subsidiary councils has ownership and control of the so-called union label. That such union label has been used upon printed matter as indicating the fact that such printed matter was done by union labor in the printing trades, and as such it is nationally known and recognized and its use is of great value, being sought after by persons manufacturing printed matter in order that their product may be favorably known as the product of, patronized, and not discriminated against by, union labor and its sympathizers.

That the International Allied Printing Trades Association and its officers are not within the jurisdiction of this court, but that as subsidiary to the same is an association known as the Allied Printing Trades Council of Milwaukee, Wisconsin, of which defendants are officers and members, and which council has, with certain limitations, the control of the said union label within the county of Milwaukee.

That the plaintiffs are employed by several different print-

ing firms in Milwaukee, and that each of said firms, by virtue of its employment of union labor in the printing trades, has heretofore been granted and now has the use of the said union label.

That notwithstanding the aforesaid decree the officers of the said International Association and its subsidiary council of Milwaukee and the members of the latter, the defendants herein, have sought to deny to plaintiffs the benefits and privileges of membership in the said union and to deny the good standing and rights of said local unions No. 7 and No. 27 and the members thereof, and, as plaintiffs allege upon information and belief, have endeavored to coerce and intimidate the various individuals and firms employing the plaintiffs.

That for such purpose and to effect the discharge of the plaintiffs and the breaking of their respective contracts of employment upon no other cause than the matters which were submitted and passed upon in the said action in the federal court, the defendants recently notified the said several employers of the plaintiffs that the plaintiffs must either affiliate with the union as recognized by the defendants or to be replaced by union pressmen and assistants, and that if such was not done the union labels were to be withdrawn after September 8, 1922.

That withdrawal without just cause of the right to use such union label will result in the plaintiffs being discharged by their respective employers and prevented from obtaining employment in the printing trades by any employer in the United States desirous of using the union label and will be deprived of earning a livelihood in the printing trade and that the respective unions of the plaintiffs will be destroyed.

That the plaintiffs are without adequate remedy at law, and that unless an injunction *pendente lite* be granted any future judgment of the court may be ineffectual to protect the plaintiffs' rights.

The prayer of the respective complaints asks for perma-

nent and temporary injunctions to prevent defendants from pursuing such conduct.

Affidavits were submitted by both parties, and upon hearings had the demurrers of the defendants in the respective actions were overruled and the preliminary injunction continued. From both such orders in the two actions the defendants have appealed.

For the appellants there was a brief signed by *W. B. Rubin* of Milwaukee, of counsel, and oral argument by *Mr. Rubin.*

For the respondents there was a brief by *Olwell, Durant & Brady,* attorneys, and *A. George Bouchard,* of counsel, all of Milwaukee, and oral argument by *Mr. Bouchard.*

ESCHWEILER, J. Upon the appeal from the order overruling the defendants' demurrer to the amended complaint, the substance of which appears in the above statement, several objections to the complaint are made.

It is claimed that the lower court had no jurisdiction of the subject matter of the action, or in any event should not exercise the same because of the pendency of the action in the federal court. While it is true that the rights of the plaintiffs were passed upon in the federal court as one of the several issues there presented, nevertheless neither the individual plaintiffs or defendants in this case were parties to the record in the federal court. The relief here sought, while based in part in reliance upon the status of the plaintiffs as declared by the federal court decree, nevertheless is to assert rights of plaintiffs here as against infringements of such rights by defendants here.

There is nothing asserted in this action in any wise contrary to or conflicting with the decision in the federal court as to the status of plaintiffs, and, as appears from the record, it was conceded by counsel for the defendants on argument in the court below that should the judgment of the federal court be affirmed these plaintiffs would be entitled by such

affirmed judgment to precisely the rights upon the assertion of which the relief here is claimed.    There is therefore no possible clash or conflict of jurisdiction between a federal and state court and no question involved as to priority or superiority between the respective jurisdictions.

It is argued that the relief granted by the federal court decree must suffice, and that, there having been a decree therein obtained declaring plaintiffs' claim as to rights of membership to be correct, no proper grounds exist for the commencement or carrying on of this action.    It is clear, however, that the plaintiffs here are seeking relief against others than those parties in the federal court and over whom the federal court had no jurisdiction.

Again, it is claimed that by the complaint there are presented questions as to the control and management of the internal affairs of a voluntary organization and that courts will not interfere in the regulating of such matters except it appear that the remedies provided by the associations themselves have first been exhausted or for some particular reason are not applicable.

It is undoubtedly the rule that members of organizations such as are here involved may, by express or implied consent, bind themselves to rules or regulations of such associations requiring that members first exhaust the remedies afforded by the organizations prior to resort to the courts. *Callahan v. Order of Railway Conductors,* 169 Wis. 43, 171 N. W. 653; *Sweet v. Modern Woodmen,* 169 Wis. 462, 465, 172 N. W. 143; *Baltimore Lodge v. Grand Lodge,* 134 Md. 355, 106 Atl. 692; *Burger v. McCarthy,* 84 W. Va. 697, 100 S. E. 492.

Nevertheless there is an entire absence in the record before us of any showing that there are such tribunals in the organizations here involved or any provision binding the members to first resort to such.    This is sufficient reason for overruling the objection.    In the only case cited by appellants

on this point, *Harris v. Detroit Typographical Union,* 144 Mich. 422, 108 N. W. 362, the constitution and by-laws appeared in the record and showed such provision and that members were bound thereby. It is unnecessary to determine here whether or not the situation presented is one where it might be the duty of a court to exercise its judicial functions irrespective of such a provision.

It is also urged that the recital of the entry of the judgment in the federal court and the subsequent appeal by defendants makes the complaint demurrable because of lack of any allegation to the effect that such judgment is still in force and effect. Also that the stated fact that a stay had been granted to defendants, on their application, pending their appeal in the federal court, destroys, or at least suspends while such stay is pending, any possible force or effect in or to the judgment.

The stay pending appeal plainly in no wise lessens or affects the adjudication upon the issues presented to the court and disposed of in the judgment. The recital of the entry of judgment on July 19, 1921, carries with it a presumption that such judgment is still in force and effect, and such presumption does not need to be expressly pleaded. *Murphy v. Citizens' Bank,* 82 Ark. 131, 100 S. W. 894; 21 Ruling Case Law, 459; *Hilliard v. Wis. L. Ins. Co.* 137 Wis. 208, 211, 117 N. W. 999.

It is stated in appellants' brief, but not argued at length there nor in the oral argument, that the recitals in the complaint as to the use and value of the union label to the plaintiffs is not a sufficient showing of any such contract or property right as will support this action. We consider, however, that the complaint shows existing rights in plaintiffs which the defendants are invading or threaten to invade.

It being held, therefore, that the complaint stated a good cause of action, there was manifestly no abuse of discretion by the trial court in continuing the injunction, and the appeal from the order so continuing it must be affirmed.

*By the Court.*—Orders affirmed.