**Anthony ADAMCZYK, Plaintiff,**

**v.**

**John MARGIS, Jr., Individually and as Chairman of the Board of Supervisors for the Town of Caledonia, et al., Defendants.**

**Civ. A. No. 72–C–16.**

United States District Court, E. D. Wisconsin.

June 14, 1973.

James C. Wood, Milwaukee, Wis., for plaintiff.

Kenneth F. Hostak, Racine, Wis., for defendants.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff in this action, Anthony Adamczyk, became a police officer for the Town of Caledonia in September 1957. He was discharged in June 1966. This action alleges that the discharge violated plaintiff's constitutional rights. Defendants Margis, Horvath, and Kroes were members of the Board of Supervisors of the Town of Caledonia at the time Adamczyk was discharged, and defendant Mason was the Police Chief at that time. The matter is before me now on plaintiff's motion to add parties defendant.

Initially the plaintiff moved this court to add the present members of the Board of Supervisors as defendants but has since asked leave to vacate that motion and to have the Town Board of Caledonia added as a party defendant. In either case, the motion must be denied.

■ ■ This matter is res judicata as to the parties plaintiff is attempting to have added. Adamczyk sued the City of Caledonia in the state courts pursuant to a cause of action arising under the same facts as are the basis for this action. The Wisconsin Supreme Court capsulized the allegations in the state proceedings as follows:

"* * * The plaintiff, Anthony Adamczyk, brought an action against the Town of Caledonia alleging that he was a policeman of the Town of Caledonia and had served in that capacity since September of 1957. He alleged that on June 14, 1966, he was notified that his services had been terminated on the day before. He further alleged that on February 15, 1966, the town board had entered into a contract regulating the terms and conditions of employment for employees of the Town of Caledonia, that the plaintiff was

 

one of the parties to that contract, and that, among other things, the contract provided that employees may be dismissed for cause. He further claimed that the notice of termination set forth no cause for the discharge and that his request for a hearing was denied. He asked for judgment reinstating him in his position, compensating him for wage losses, and for damages resulting from the acts of the defendant. * * * " Adamczyk v. Caledonia, 52 Wis.2d 270, 271–272, 190 N.W.2d 137, 138 (1971).

 If the parties and the facts are the same, a cause of action is res judicata in federal as well as state courts, and the decision is final as to all matters which might have been decided as well as those that have been. United States v. Bessesen, 445 F.2d 463 (7th Cir. 1971); Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966). I find that the principles spelled out in *Bessesen* and *Frazier* apply to this case. Both causes of action arise from the same facts, and the party which plaintiff is attempting to add is essentially the same defendant as in the state action. Under the circumstances of this case, the distinction between a town, the town board, and the members of the board in their official capacities is not sufficient to justify a new suit.

 Plaintiff argues that holding this cause of action to be res judicata denies him access to federal courts. That is not accurate. Having chosen the state forum, plaintiff should have raised all relevant issues in the state action, and access to federal courts became limited to an appeal or application for writ of certiorari to the United States Supreme Court. The fact that the plaintiff failed to raise all relevant issues in the state courts, or that the state courts failed to deal with each issue, and that plaintiff did not seek access to the United States Supreme Court after the defendant prevailed in the Wisconsin Supreme Court

does not justify relitigation in the United States District Court.

For the above reasons,

It is ordered that the plaintiff's motion to add parties defendant be and it hereby is denied.