Ray OMERNICK, Plaintiff,

v.

Daniel L. LaROCQUE et al.,
Defendants.

Raymond J. OMERNICK, Plaintiff,

v.

Patrick CROOKS et al., Defendants.

Ray OMERNICK, Plaintiff,

v.

STATE OF WISCONSIN et
al., Defendants.

Nos. 73–C–216, 75–C–253 and 75–C–268.

United States District Court,
W. D. Wisconsin.

Jan. 30, 1976.

D. G. Graff, of Graff & Schrank, Madison, Wis., for plaintiff in No. 73–C–216.

Robert B. McConnell, Asst. Atty. Gen., Bronson C. LaFollette, Atty. Gen. of Wis., Madison, Wis., for defendants in No. 73–C–216.

Raymond J. Omernick, pro se.

Robert D. Repasky, Asst. Atty. Gen., Bronson C. LaFollette, Atty. Gen. of Wis., Madison, Wis., for defendants in No. 75–C–253.

Robert D. Repasky, Asst. Atty. Gen., Bronson C. LaFollette, Atty. Gen. of Wis., Madison, Wis., for defendants in No. 75–C–268.

## Opinion and Order

JAMES E. DOYLE, District Judge.

Plaintiff has filed in this court numerous actions against various state officials alleging that they have acted in derogation of rights secured to him by the Constitution of the United States. Four of these actions appear to raise issues and claims which have previously been decided adversely to plaintiff in state court litigation. Since the issue of preclusion raised by this course of repetitive litigation inheres in the cases as a group, all four cases will be considered together in this opinion.

### Federal litigation

Plaintiff's cases in this court are civil rights actions alleging claims under 42 U.S.C. § 1983 (1970). Jurisdiction is founded on 28 U.S.C. § 1343(3) (1970). Other statutory claims and jurisdictional bases are alleged in plaintiff's complaints, but the actions have merit, if at all, under the cited statutes.

The claims asserted in this court are as follows:

(1) 73–C–178: Defendants in August of 1968 seized farm equipment belonging to plaintiff. Defendants in June of 1970 seized farm equipment belonging to plaintiff. Both seizures are alleged to have been undertaken under color of law and in violation of plaintiff's constitutional rights. In addition, the complaint contains allegations apparently intended to include in the action an attack on the constitutionality of the statute in the enforcement of which the seizures occurred. The search warrants annexed as exhibits to defendant Borner's affidavit in support of defendants' motion for summary judgment disclose that this statute is Wis.Stat. § 30.18 (1973).

(2) 73–C–216: Count I of the complaint attacks Wis.Stat. § 30.18 (1973) as violative of the Equal Protection Clause of the 14th Amendment because it regulates stream water use by agricultural water users but not by industrial users. Count II challenges administrative classifications within the class of agricultural water users and alleges that another agricultural user on the same stream from which plaintiff holds a permit to draw water is permitted greater use than plaintiff although there is no basis for a distinction between them. Count III alleges a violation of a plea bargain by the state in retaliation for plaintiff's litigation in this court.

In addition to these cases in which motions to dismiss or for summary judgment, having been fully briefed by the parties, are ripe for decision, two cases which are not yet ripe for decision appear to raise questions previously decided by state courts. These cases are as follows:

(3) 75–C–253: The complaint alleges a conspiracy among 30 defendants to deprive plaintiff of his constitutional rights. The tie that binds the defendants is that they have all allegedly had something to do with the enforcement of Wis.Stat. § 30.18 (1973) against defendant. The essence of the conspiracy complained of is that § 30.18 is unconstitutional on its face and as applied and that therefore the action taken by defendants to enforce it against plaintiff is a conspiracy to deprive him of his constitutional rights. The statute is assertedly

invalid on its face because it denies plaintiff equal protection by regulating water use by agricultural users but not industrial users and because it has taken plaintiff's property without just compensation and for a private purpose. In addition, the statute allegedly denies plaintiff due process of law because it does not provide for notice and a hearing before a stream is designated a "trout stream" with the consequence that additional restrictions apply to the use of water from the stream. Plaintiff further complains that the statute authorizing the designation of "trout streams" lacks standards to guide the administrative agency making the designation. Procedural due process of law is also allegedly lacking in the statutory scheme requiring approval of downstream riparian owners before an upstream riparian owner may divert "non-surplus" water from a stream. Finally, a violation of the Guaranty Clause, U.S.Const. art. IV, § 4, allegedly results from the fact that the Wisconsin Department of Natural Resources performs both executive and judicial functions in connection with the enforcement of § 30.18.

(4) 75–C–268: This case differs from 75–C–253 only in that it seeks only an injunction against enforcement of § 30.-18 rather than an injunction and damages for a conspiracy to enforce it. The allegations purporting to show that the statute is unconstitutional and that it has been applied in an unconstitutional fashion are identical to those in 75–C–253; indeed all pages of the complaint except those setting forth the parties, the text of § 30.18, and the last page demanding relief are photocopies of the complaint in 75–C–253.

*State litigation*

Two state court cases have canvassed as between plaintiff and the state or its officials many of the issues raised in the cases before this court. They are:

(1) *Omernik [sic] v. State,* 64 Wis.2d 6, 218 N.W.2d 734 (1974): This case was an appeal from two criminal cases in which plaintiff was convicted of a total of 6 counts of violating Wis.Stat. § 30.18 (1973). In its opinion in that case, the Supreme Court of Wisconsin determined that § 30.18 neither takes plaintiff's property without just compensation nor deprives him of equal protection of the laws by regulating his use of water but not use by industries. In addition, the Court construed § 30.18 as applying to diversion of water from non-navigable streams.

(2) *Omernick v. Department of Natural Resources, et al.,* Circuit Court No. 142–299 (May 9, 1974): This case was an action for a declaratory judgment and an injunction in which plaintiff attacked the procedures by which streams are designated "trout streams" on federal constitutional as well as state grounds. In addition, plaintiff attacked, again on federal constitutional grounds, the requirement that a riparian owner seeking to divert non-surplus water obtain the approval of downstream riparian owners. The Circuit Court sustained defendants' demurrer on the ground that the complaint did not state a cause of action and plaintiff declined to replead, taking instead an appeal to the Supreme Court of Wisconsin. No ruling on the appeal has as yet been rendered.

*Opinion*

■ The threshold question in determining the effect of the state court actions upon the cases before this court is whether state judgments have *res judicata* effect in federal civil rights actions under § 1983. The Supreme Court has three times indicated in dictum that § 1983 actions are governed by normal rules of *res judicata. Huffman v. Pursue, Ltd.,* 420 U.S. 592, 606 n. 18, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Wolff v. McDonnell,* 418 U.S. 539, 554 n. 12, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Preiser v. Rodriguez,* 411 U.S. 475, 497, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In view of these statements, the fact that this is a civil rights action does not impair the *res judicata* effect of the civil action plaintiff brought in the Dane County Circuit Court.

■ More controversy surrounds whether state criminal convictions should have like effect. Although I have serious misgivings on the point, I consider myself bound by *Goss v. State of Illinois*, 312 F.2d 257 (7th Cir. 1963), to hold that a state criminal conviction does have such effect. *See Schroeder v. State of Illinois*, 354 F.2d 561, 563 (7th Cir. 1965); *Blankner v. City of Chicago*, 504 F.2d 1037, 1041 (7th Cir. 1974); *Adkins v. Underwood*, 520 F.2d 890, 893 (7th Cir. 1975).

■ Having concluded that the nature of these cases as civil rights actions does not remove them from the normal operation of *res judicata*, the question now becomes the scope of the preclusion resulting from the state court judgments. State judgments are given the same effect by federal courts as they would have in the courts of the rendering state. 28 U.S.C. § 1738 (1970). Therefore, Wisconsin law governs the preclusive effect of these Wisconsin judgments. *St. John v. Wisconsin Employment Rel. Bd.*, 340 U.S. 411, 414, 71 S.Ct. 375, 95 L.Ed. 386 (1951); *Gambocz v. Yelencsics*, 468 F.2d 837, 841 n. 4 (3d Cir. 1972).

■ Under Wisconsin law, a (1) final judgment (2) on the merits precludes later assertion of (3) the same cause of action between (4) the same parties. *O'Brien v. Hessman*, 16 Wis.2d 455, 458–59, 114 N.W.2d 834 (1962). This is claims preclusion or, less descriptively, merger and bar. In addition, an issue which is (1) actually litigated in another case where (2) determination of the issue was necessary to the judgment is conclusively determined in subsequent actions as against a party to the prior action by (3) a final judgment in the prior lawsuit. *Premke v. Pan American Motel, Inc.*, 35 Wis.2d 258, 270, 151 N.W.2d 122 (1967). This is issue preclusion or collateral estoppel. The statement sometimes encountered in opinions quoting Restatement of Judgments § 68(1) that issue preclusion prevents relitigation of "facts" has not prevented the Wisconsin courts from precluding relitigation of

such issues as liability, *Northwestern Nat. Cas. Co. v. State Auto. & Cas. Underwriters*, 35 Wis.2d 237, 244, 151 N.W.2d 104 (1967), and the right to possess certain personalty, *Premke, supra.*

■ The requirement that the party asserting issue preclusion have been a party to the action in which the issue was determined has been eroded in Wisconsin. *See Northwestern Nat. Cas. Co., supra; McCourt v. Algiers*, 4 Wis.2d 607, 611, 91 N.W.2d 194 (1958). Even if party identity were required for issue preclusion as it is for claims preclusion, that requirement is satisfied in these cases. The Supreme Court of Wisconsin has not squarely decided whether the state is bound by the judgment in an action to which a state official is a party because he allegedly acted under authority granted by an unconstitutional statute, or whether the state official can assert as *res judicata* a judgment in an action to which the state was a party. However, one of the reasons adduced by the court in holding that a state agency could be sued in its own name was that requiring such suits to be brought against agency officials in their individual capacities served no meaningful function since the state would be bound by a judgment against the official even though it was not a party where the official had been represented by state-provided counsel. *Barry Labs., Inc. v. State Bd. of Pharmacy*, 26 Wis.2d 505, 511–12, 132 N.W.2d 833 (1965). By adopting this view, the court pierced, for purposes of *res judicata*, the fiction that is used to avoid sovereign immunity when testing the constitutionality of a statute, and focused on the substance rather than the form of such actions. *See* 3 K. Davis, Administrative Law Treatise § 27.06 (1958), *cited in Barry Labs., Inc., supra*. The substance of the cases at bar is that the defendant officials are sued for acts done in their official capacity and are represented by government counsel. Thus, they are sufficiently closely related to the state for purposes of these actions that they are

bound by judgments against the state and other officers concerning the validity of state statutes at issue and conversely can assert such judgments as *res judicata. See, e. g. Drummond v. United States,* 324 U.S. 316, 318, 65 S.Ct. 659, 89 L.Ed. 969 (1945); *Sunshine Coal Co. v. Adkins,* 310 U.S. 381, 402–03, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); *Gambocz v. Yelencsics,* 468 F.2d 837, 842 (3d Cir. 1972); *Consumer Party v. Tucker,* 364 F.Supp. 594, 602 (E.D.Pa.1973); *Schrader v. Local Bd. No. 76,* 329 F.Supp. 966, 967 n. 1 (W.D.Wis.1971), *rev'd on other grounds,* 470 F.2d 73 (7th Cir.), *cert. denied,* 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1972).

The final issue which must be decided to determine whether the judgments in the two state cases (one of which embodied two criminal prosecutions) preclude relitigation of the issues and claims decided in those cases is whether the judgments are final judgments on the merits. Plaintiff suggests that review of *Omernik [sic] v. State,* 64 Wis.2d 6, 218 N.W.2d 734 (1974) may yet be sought in the United States Supreme Court, and the record shows that an appeal to the Supreme Court of Wisconsin has been taken in the Dane County case. In addition, the Circuit Court case was decided on a demurrer.

The pendency of an appeal does not deprive a final judgment of a lower court of its preclusive effect unless and until the judgment is reversed. *Knuth v. Lepp,* 180 Wis. 529, 536, 193 N.W. 519 (1923). Moreover, a judgment of dismissal following a sustained demurrer and failure to replead is a final judgment on the merits. *O'Brien v. Hessman,* 16 Wis.2d 455, 458–59, 114 N.W.2d 834 (1962). It appears that the criminal case and the Dane County action are final judgments on the merits.

Since the opinion of the Supreme Court of Wisconsin reveals that it gave plenary consideration to plaintiff's arguments that Wis.Stat. § 30.18 (1973) denies him equal protection and takes his property without just compensation, he is precluded from relitigating these issues in the actions in this court. Since the court ruled that the statute does not take plaintiff's property, it plainly does not take it for a private purpose.

Claims preclusion based on the Dane County Circuit Court action sweeps somewhat more broadly than would issue preclusion. Claims preclusion bars claims that were or could have been litigated in the prior action. *Conway v. Division of Conservation,* 50 Wis.2d 152, 160, 183 N.W.2d 77 (1971); *see Adamczyk v. Margis,* 359 F.Supp. 423, 425 (E.D. Wis.1973) (citing federal cases). Thus, the plaintiff has had his opportunity to present constitutional challenges to the method by which "trout, streams" are designated and the requirement that approval of downstream riparians be obtained before non-surplus water may be diverted. Preclusion as to designation of "trout streams" bars not only the lack of notice objection presented to the Circuit Court, but also the argument made in 75–C–253 and 75–C–268 that the statute delegates power to the agency without standards.

### Order

It is ordered that defendant's motion to dismiss in 73–C–216 is granted as to Count I of the complaint. Decision is reserved as to Count II and Count III.

It is further ordered that plaintiff may have 20 days from this date to show cause why the complaints in 75–C–253 and 75–C–268 should not be dismissed insofar as they are based on the issues and claims held in this opinion to be precluded.

(A separate order is being entered today in 73–C–178.).