951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernestine W. CANNADAY and Donald Cannaday, Plaintiffs/Appellants,
v.
Randall GIBAS, Defendant/Appellee.
 No. 91-1457.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1991.*
Decided Jan. 8, 1992.
 
 Before CUMMINGS, CUDAHY, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On January 19, 1990, Ernestine and Donald Cannaday brought this action pursuant to 42 U.S.C. § 1983 against Randall Gibas, a special agent of the Wisconsin Department of Justice, in his individual capacity, alleging a violation of their Fourth and Fourteenth Amendment rights.
 
 
 2
 On August 9, 1988, Gibas executed a search warrant authorizing the search of the Cannadays' residence, located at 2127 North 32nd Street in Milwaukee. The search resulted in the seizure of money and jewelery believed to have been obtained by the Cannadays' son, Steven, either in exchange for a controlled substance in violation of state and federal law and/or for use in facilitating a violation of state and federal drug laws.[1] The Cannadays argue that their residence was searched and their property was seized without probable cause. The Cannadays have asked for $250,000 in compensatory damages, $300,000 in punitive damages, and the return of the property seized during the search.
 
 
 3
 After Gibas had filed his answer to the Cannadays' pro se complaint, the United States began a civil forfeiture action pursuant to 21 U.S.C. § 881 against the seized property in United States v. Approximately $36,636.62 in United States Coins, Currency, and Miscellaneous Jewelery, No. 90 C 214 (E.D.Wis.1990). The district court stayed further proceedings in this civil rights case pending the outcome of the in rem forfeiture action. In its Order of January 18, 1991, the district court noted that a judgment of forfeiture was entered against the seized property in Case No. 90-C-214, and thus no right, title, or interest in that property existed in any other party. The district court further stated that because this case involves the same parties and issues as the forfeiture action, the judgment of forfeiture appeared to have disposed of the issues in this case. However, the district court gave the Cannadays ten days to show cause why this case should not be dismissed because of the outcome of Case No. 90-C-214.
 
 
 4
 The Cannadays did not respond to the district court's Order, and on February 1, 1991, the district court entered judgment dismissing this case with prejudice. On February 14, 1991, the Cannadays filed a "Motion to Show Cause," alleging that they failed to respond to the district court's Order of January 18, 1991 because they were out of town. In this motion, they contended that because they disagreed with the forfeiture action result, the judgment did not dispose of the issues in the section 1983 case. The district court denied the motion because the Cannadays failed to demonstrate how that forfeiture action had not resolved the instant dispute.[2]
 
 
 5
 This court reviews the dismissal of a case de novo, taking the allegations in a plaintiff's complaint as true. Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir.1990). The defendant bears the burden of establishing the legal insufficiency of the complaint. Yeksigian v. Nappi, 900 F.2d 101, 104 (7th Cir.1990).
 
 
 6
 Regarding the seizure of the property, the district court correctly determined that this issue was resolved by the decision in the forfeiture proceeding. 21 U.S.C. § 881(h) ("All right, title, and interest in [forfeited property] vests in the United States upon the commission of the act giving rise to forfeiture."). Thus, the judgment in the forfeiture proceeding necessarily precludes the Cannadays' claim that they had a constitutionally protected interest in the seized property. However, the Cannadays have also alleged that their constitutional rights were violated by an illegal search. See Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990) (we construe pro se pleadings liberally). The Cannadays allege that Gibas knowingly, or at least with reckless disregard, based his affidavit for the warrant on false information and thus did not have probable cause to search their residence.[3] This issue was not specifically addressed by the district court.
 
 
 7
 Gibas argues that although the parties were not the same in both proceedings, the Cannadays were obligated to raise their Fourth Amendment claim as a defense to the forfeiture proceeding and that res judicata bars the claim in their section 1983 action. Crop-Maker Soil Serv., Inc. v. Fairmount State Bank, 881 F.2d 436, 439 (7th Cir.1989) ("The preclusive effect of the federal res judicata doctrine bars not only those issues which actually were decided in a prior action but also any issues which could have been raised."). The elements of the federal rule of res judicata are: "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits." Local 322, Allied Indus. Workers of America, AFL-CIO v. Johnson Controls, Inc., Globe Battery Div., 921 F.2d 732, 733 (7th Cir.1991) (quoting Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1364 (7th Cir.1988)). The district court concluded that the parties and issues were the same without articulating reasons for its conclusion.
 
 
 8
 Since the parties were not, in fact, the same, we must decide whether there is privity between them. " '[A] person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.' " Kerr-McGee Chemical Corp. v. Hartigan, 816 F.2d 1177, 1180 (7th Cir.1987) (quoting Aerojet-General Corp. v. Askew, 511 F.2d 710, 714 (5th Cir.1975)). Gibas argues that there was privity because of the common interest, presumably the curtailment of drug trafficking, between the State of Wisconsin and the United States, relying on Omernick v. LaRocque, 406 F.Supp. 1156, 1159-60 (W.D.Wis.), aff'd, 539 F.2d 715 (1976) (state agents acting in their official capacity and represented by government counsel are, for purposes of res judicata, sufficiently related to the state). He further argues that, had the United States lost the forfeiture proceeding, both he and the state would have been barred by res judicata from asserting a claim to the property, relying on United States v. ITT, 627 F.2d 996, 1003 (9th Cir.1980) (a cooperative enforcement scheme supported the application of "virtual representation" principles that precluded the United States from relitigating an issue that the state agency had litigated and lost in state court).
 
 
 9
 The parallels between the parties in the two lawsuits do not comport with the authority on which Gibas relies. Even if the state of Wisconsin and the United States share the same interests, this civil rights suit was filed against a Wisconsin official in his individual capacity. Gibas' legal interests as a defendant in this civil rights action are to protect himself against allegations of knowingly or recklessly relying on false information to obtain the search warrant. There is no evidence in the record to show that the United States' interests in the forfeiture proceeding were so closely aligned to Gibas' interests that the district court could have found that the parties in the two suits were the "same." We conclude that there was no privity between Gibas and the United States and that the illegal search issue raised in this section 1983 suit is not barred by res judicata.
 
 
 10
 Gibas has asked us to affirm on the alternative basis of qualified immunity, citing Malley v. Briggs, 475 U.S. 335, 344 (1986) ("the same standard of objective reasonableness ... applied in the context of a suppression hearing in [United States v. Leon, 468 U.S. 897 (1984) ] defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest"). The merit of Gibas' defense is not apparent from this record. The district court did not make any factual findings whether the information relied upon for the warrant was false or, if so, whether Gibas knew it was false. Thus, we cannot decide this issue. Cf. Hansen v. Bennett, No. 90-3727, slip op. at 2 (7th Cir. Nov. 27, 1991).
 
 
 11
 For the above reasons, the decision of the district court is AFFIRMED in part, VACATED in part, and REMANDED for a determination of the illegal search issue.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellants have filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs
 
 
 [1]
 A federal grand jury indicted Steven for conspiracy to distribute cocaine intentionally and knowingly, aggravated battery, and knowing use of a firearm during a drug trafficking crime. He pled guilty to the felony of assault on federal law enforcement officials
 
 
 [2]
 On the same day that they filed their notice of appeal, the Cannadays filed a "Motion for Reconsideration" in the district court. "We characterize any substantive motion to alter or amend a judgment, served within ten days of the entry of judgment, as a motion under Federal Rule of Civil Procedure 59(e)." Billups v. Methodist Hosp. of Chicago, 922 F.2d 1300, 1305 (7th Cir.1991). Successive motions under Rule 59 generally do not affect the finality of judgment or toll the period for an appeal. Charles v. Daley, 799 F.2d 343, 347-48 (7th Cir.1986); accord Wages v. I.R.S., 915 F.2d 1230, 1233 n. 3 (9th Cir.1990). We find that the Cannadays' successive motion did not vitiate the notice of appeal and that we have jurisdiction over this case. Fed.R.Civ.P. 4(a)(4) (a notice of appeal filed before the disposition of a motion pursuant to Fed.R.Civ.P. 59(e) has no effect)
 
 
 [3]
 On appeal, the Cannadays also allege that the information relied on for the warrant was stale. This issue was not before the district court and is therefore waived on appeal. Todd v. Corporate Life Ins. Co., No. 90-3229, slip op. at 10 (7th Cir. Oct. 7, 1991). Nor will we consider any of the matters presented by the Cannadays on appeal that are outside the record. See United States v. Phillips, 914 U.S. 835, 840 (7th Cir.1990) ("An appellant may not attempt to build a new record on appeal with evidence that was never admitted in the court below.")