PREMKE, Appellant, v. PAN AMERICAN MOTEL, INC.,
Respondent.

*May 8—June 6, 1967.*

For the appellant there was a brief by *Frederick Hersh,* attorney, and *Walther & Burns* of counsel, all of Milwaukee, and oral argument by *Mr. Hersh.*

For the respondent there was a brief by *Reiske & Reiske* of Milwaukee, and oral argument by *Peter F. Reiske.*

HANLEY, J. The following issues are presented on appeal:

1. Did the circuit court exceed its jurisdiction in confirming the receiver's sale of assets free and clear of plaintiff's lien?

2. Is plaintiff, by virtue of the doctrine of *res judicata,* precluded from maintaining the instant actions after the circuit court's confirmation of the receiver's sale and subsequent denial of plaintiff's motion for modification of the confirmation order to show plaintiff's liens on the personalty?

3. Have issues of fact been raised in case No. 209?

Plaintiff contends that by virtue of validly recorded liens she is entitled to the personal property held by defendant. Defendant claims possession to the same personal property pursuant to a receiver's sale confirmed by the circuit court for Milwaukee county.

It is plaintiff's position that by virtue of sec. 128.18 (4), Stats., the circuit court exceeded its jurisdiction in confirming the receiver's sale of assets free and clear of plaintiff's liens.

Sec. 128.18 (4), Stats., reads as follows:

"(4) Liens given or accepted in good faith and for a present consideration which have been properly recorded or filed shall, to the extent of such present consideration only, not be affected by the provisions of this chapter."

Plaintiff argues from the aforementioned statute that liens when validly created and recorded are not affected by the provisions of ch. 128, Stats.

We think it is clear from the very statutory language itself that some court must have jurisdiction to determine both when the liens are validly created and filed and when the liens have been accepted in good faith and for a present consideration.

Sec. 128.01, Stats., provides:

"128.01 **Jurisdiction.** The circuit courts shall have supervision of proceedings under the provisions of this chapter and may make all necessary orders and judgments therefor; and all assignments for the benefit of creditors shall be subject to the provisions of this chapter."

See also *In re Assignment of Sherry: Claims of German Nat. Bank of Oshkosh* (1898), 101 Wis. 11, 16, 17, 76 N. W. 611, and *In re Plankinton Bank: Nat. Bank of the Republic v. Herman* (1902), 114 Wis. 582, 586, 587, 91 N. W. 112.

The circuit court will in most cases have jurisdiction to determine the validity of the assignments for the benefit of creditors and to determine whether or not certain property is exempt from the claim of title by the receiver or assignee.

We believe the plaintiff's claim has no merit because the circuit court has jurisdiction to make a finding as to the validity of plaintiff's liens. This is true even if the circuit court erred in arriving at its conclusion.

In the case of *Littlejohn v. Turner* (1888), 73 Wis. 113, 40 N. W. 621, respondent brought suit to enjoin the sale of his real property, property he had purchased from a

receiver under a voluntary assignment for the benefit of creditors proceeding.

The appellant, in an earlier action in which respondent was not a party, had lawfully attached the real estate in question. The appellant, even though he had participated in the assignment proceedings, had failed to reveal to the receiver that the real estate was lawfully attached. Following the trial in the earlier action which rendered a verdict for appellant, appellant placed execution in the hands of the county sheriff who proceeded in an attempt to sell said piece of real estate.

The trial court, in the action to enjoin said sale, ruled for the respondent. The supreme court of Wisconsin, in affirming, said at pages 122, 123, and 125:

"The real question in this case is, in our estimation, whether the circuit court has jurisdiction to entertain the petition of the assignee and to decide upon the same. If the court had jurisdiction to act upon the petition, under the law, then the decision of the circuit court binds all parties to the proceedings; and, whether the order was rightly or wrongly made, it binds all parties until the same is reversed or otherwise set aside. Its validity cannot be questioned in a collateral action. . . .

". . .

". . . The creditor whom they represent had notice of the application for the order and, it seems, failed to appear and object to the order; or, if he did appear and object, he has failed to take any steps to have the order set aside or reversed. In such case, the court having jurisdiction to act upon the application, the order made thereon cannot be impeached in a collateral action, except for fraud. If irregular or erroneous merely, the proceedings to set it aside must be taken in the case in which it was made."

The decision in *Littlejohn, supra,* was based in part on sec. 1693, R. S. 1878, which is concededly somewhat different from the present day ch. 128, Stats. Although the statement as to the circuit court's supervisory power has

changed little, it seems that under sec. 1693, R. S. 1878, notice to creditors was sufficient to hold them as a party to the proceeding regardless of whether or not they appeared in person.

However, the case does stand for the proposition that if one is held to be a party to the proceeding (under sec. 1693, R. S. 1878, or ch. 128, Stats.), he may not collaterally attack the circuit court's finding, the circuit court having jurisdiction to act upon the receiver's application to confirm the sale.

The circuit court's order would therefore stand until set aside or reversed upon appeal. The matter could be raised, of course, by one claiming a valid lien who had not participated in the initial circuit court proceeding. Sec. 128.15 (2), Stats., seems to be authority for the proposition that secured creditors may participate in ch. 128 proceedings, but are not required to participate (this is probably true even if the creditors had notice of said proceedings because the receiver, pursuant to sec. 128.19 (1), Stats., is vested only with title that the debtor had as of the date of the voluntary assignment).

Henry R. Marohl, son-in-law of the plaintiff, filed a claim in the aforementioned circuit court case No. V. A. 3773, on March 30, 1962, for $15,500 assignment of chattel mortgage and note from Auto Acceptance & Loan Corporation. That claim encompasses the same claim asserted by plaintiff Premke in case No. 211. A 49 percent interest in said chattel mortgage was assigned to the plaintiff on September 10, 1962. The trial court, in its order approving the sale by the receiver to Krueger Enterprises, Inc., stated:

". . . and it appearing to the court that the Receiver has given notice to the creditors of the offer made to him by Krueger Enterprises, Inc., which offer he wished to have confirmed by this court, by mailing such notice to the creditors' last known addresses; . . ."

It follows that notice to Marohl as a creditor given on February 5, 1962, prior to the assignment to Premke on September 10, 1962, was also notice to plaintiff Premke as assignee because normally the assignee is on the same footing as the assignor. See 15 Am. Jur. (2d), Chattel Mortgages, p. 318, sec. 147.

An assignee generally acquires no greater rights by virtue of the assignment than were had by the assignor. *Thorp Finance Corp. v. LeMire* (1953), 264 Wis. 220, 224, 58 N. W. (2d) 641.

Further, on May 4, 1964, plaintiff applied to the circuit court for an order modifying the previous order dated April 3, 1963, so that Krueger Enterprises' purchase of all of the assets of Pan American Club and Pan American Motel would be subject to plaintiff's liens.

Plaintiff Premke's application for an order which would have modified the previous order was in regard to the retail installment contract (case No. 210) and the chattel mortgage (case No. 211).

It is clear that Krueger Enterprises, Inc., by reason of a lease, is in privity with the defendant Pan Am Management Corporation.

In *Hart v. Moulton* (1899), 104 Wis. 349, 354, 80 N. W. 599, this court said:

". . . Privies, whether in blood, or in law, or in estate, occupy that relation to others because of derivative rights of property. Privity relates to persons in their relation to property and not to any question independent of property. In the doctrine of *res adjudicata,* privity extends no further than the particular subject matter or property, the status of which was determined by the judgment as to that particular thing."

It is also equally clear that plaintiff Premke submitted to the jurisdiction of the circuit court by a general appearance and therefore was a "party" and was bound by the order of the circuit court dated May 12, 1964. See 5 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 396, sec. 37.117.

The circuit court ordered the plaintiff's motion to be dismissed. No reasons were given. However, it is obvious that the circuit court rejected plaintiff's argument that she had the better right to the possession of the property in question because her liens should take priority over the confirmed sale by the receiver.

If the doctrine of *res judicata* is to apply and render conclusive the former adjudication, it is not rendered inapplicable because ch. 128, Stats., is a special proceeding. See *State v. Donohue* (1960), 11 Wis. (2d) 517, 523, 105 N. W. (2d) 844.

This court, in *Stafford v. General Supply Co.* (1958), 5 Wis. (2d) 137, 145, 92 N. W. (2d) 267, said:

> "As a general rule a judgment is conclusive in a subsequent action between the same parties to the same cause as to all matters which were litigated. See 5 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 386, sec. 37.110, and cases therein cited. . . . One of the standard tests of whether the causes of action are the same within the rule is whether the same evidence will sustain both. *Nickoll v. Racine Cloak & Suit Co.* (1927), 194 Wis. 298, 216 N. W. 502.

In the instant case the same parties (lessee, defendant, in privity with Krueger Enterprises, Inc.) are involved and the plaintiff is attempting to relitigate the very same issue that was before Judge NEELEN, namely, who has the better right to possession of the personalty involved herein. It is obvious that this same issue requires the same evidence that was presented in the hearing on the motion in application for the modification of the circuit court's order of April 3, 1963.

Case No. 209 presents no substantial issue of fact to be tried. Krueger Enterprises, Inc., purchased from the receiver all of the assets of Pan American Motel, Inc., and Pan American Club, Inc., including the 50 chairs involved in the replevin action. That sale was confirmed by the circuit court and the court refused to modify its

order or judgment and the plaintiff failed to appeal from the circuit court order or judgment.

Plaintiff does not contend that these 50 chairs were not part of the assets in the group of assets which came into the possession of Krueger Enterprises, Inc., at the time of the receiver's sale, but only maintains that the chairs had been leased by Krueger Enterprises, Inc., from Henry Marohl, Inc., the plaintiff's assignor.

There is no proof of any such lease in the record (other than Marohl's statement in an affidavit), nor does the plaintiff mention the date when the lease was allegedly executed. Without any proof to the contrary we must conclude that case No. 209 deals with the same property that was involved in the receiver's sale, confirmed by the circuit court. The sale of the assets of Pan American Club, Inc., and Pan American Motel, Inc., to Krueger Enterprises, Inc., included all of the inventory of the aforementioned corporations.

Plaintiff is attempting to relitigate the same issue, namely, did Krueger Enterprises, Inc., by virtue of the confirmed receiver's sale take free and clear of plaintiff's alleged liens. We think the question of fact essential for judgment has already been litigated. The circuit court has determined that plaintiff's liens for some reason did not have or would not be given priority in regard to personalty involved in case Nos. 210 and 211.

In Restatement, Judgments, p. 293, sec. 68 (1), the following language is found:

"Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. . . ."

See also *McCourt v. Algiers* (1958), 4 Wis. (2d) 607, 91 N. W. (2d) 194.

In *Werner v. Riemer* (1949), 255 Wis. 386, 403, 39 N. W. (2d) 457, 39 N. W. (2d) 917, this court said:

"The final adjudication is conclusive, in a subsequent action between the same parties, as to all matters which were litigated or which might have been litigated in the former proceedings. 4 Bryant Pl. & Pr. (Boesel & Henderson 2d ed.), p. 28, sec. 550; . . ."

It is obvious that the issue of who had the right to possession of the chairs could have been and should have been specifically litigated when plaintiff moved for modification of the circuit court's order confirming receiver's sale.

We conclude that the plaintiff cannot by replevin actions collaterally attack the order of the circuit court which had jurisdiction of the subject matter and the parties, including the plaintiff who voluntarily submitted herself to the jurisdiction of the court and that Lillian E. Premke is precluded from maintaining the instant actions by virtue of the doctrine of *res judicata*. Plaintiff's remedy was by way of appeal from the orders of the circuit court.

*By the Court.*—Judgments affirmed.