RAUSER (Marguerite), Respondent, v. RAUSER (Irene), and another, as coexecutors of the Estate of Erwin F. Rauser, Sr., deceased, Appellants: LEWIS KNITTING COMPANY and others, Defendants.

*No. 213. Argued October 6, 1971.—Decided November 2, 1971.*
(Also reported in 190 N. W. 2d 875.)

For the appellants there were briefs and oral argument by *William E. Shaw* of Milwaukee.

For the respondent there was a brief by *Ellis R. Herbon* and *Heiner Giese,* both of Milwaukee, and oral argument by *Mr. Giese.*

BEILFUSS, J. The issue before us is whether the Wisconsin court has personal jurisdiction over the nonresident executors (the appellants Irene Finn Rauser and the First National Bank of Nevada).

Sec. 262.05, Stats., is our so-called "long-arm statute." The plaintiff-respondent relies on sub. (6) (c). Sec. 262.05 (6) (c), provides:

"(6) LOCAL PROPERTY. In any action which arises out of:

". . .

"(c) A claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this state at the time the defendant acquired possession or control over it."

Wisconsin's jurisdiction over the coexecutors arises under sec. 262.05 (12), Stats., which states:

"(12) PERSONAL REPRESENTATIVE. In any action against a personal representative to enforce a claim against the deceased person represented where one or more of the grounds stated in subs. (2) to (11) would have furnished a basis for jurisdiction over the deceased had he been living and it is immaterial under this subsection whether the action had been commenced during the lifetime of the deceased."

The theory plaintiff employs in this action involves an alleged conspiracy by Rauser, Sr., Rauser, Jr., and the corporate defendants to siphon the corporate assets to Rauser, Sr., in a fraudulent manner so as to take them beyond the plaintiff's control.

The plaintiff alleges that the Lewis Knitting Company, a Delaware corporation not licensed to do business in Wisconsin at the time of this action, was organized solely to provide corporate machinery by which Rauser, Sr., could control Shorewood Mills and thereby accomplish the transfer of his assets and income out of the reach of the Wisconsin courts to avoid property settlement and alimony payments. The plaintiff chose not to submit to the jurisdiction of the Nevada divorce court in 1953, because of personal reasons. She alleges that Rauser, Sr., continued to do business in Wisconsin through correspondence and telephone communication, and continued to participate in managerial decisions of Shorewood Mills. The plaintiff does not allege that she had legal title to the corporate assets or income allegedly removed from Wisconsin by Rauser, Sr., but on oral argument asserts that she had equitable title to Rauser, Sr.'s, property.

Rauser, Jr., in his affidavit, stated that Rauser, Sr., was the sole stockholder, the president and treasurer of Lewis Knitting Company. Lewis Knitting is a sales corporation which purchases merchandise from Shore-

wood Mills and other manufacturers and resells those goods to other customers. Rauser, Jr., also stated that Rauser, Sr., never came to Wisconsin to visit either Shorewood Mills or Shorewood-Richards Realty Company after July 1, 1960. Rauser, Jr., also stated that Rauser, Sr., was not an officer, director or employee of the realty company since 1954. Rauser, Sr., did serve as the western sales representative of Shorewood Mills, receiving one and one-half percent of the gross sales of Shorewood Mills.

In the previous action involving these same facts and these same parties, *Rauser v. Rauser, supra,* this court held that any removal or transfer of property belonging to Rauser, Sr., was accomplished at the time he left Wisconsin in 1953, or shortly thereafter, and that plaintiff's cause of action, if any, arose at that time. Consequently, plaintiff is collaterally estopped from asserting that her cause of action in the present case arose later than 1953, since that fact was determined in the prior case. *Premke v. Pan American Motel, Inc.* (1967), 35 Wis. 2d 258, 151 N. W. 2d 122. Restatement, *Judgments,* p. 293, sec. 68 (1), states:

"Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action, except as stated in secs. 69, 71 and 72."

Further, sec. 69 (1), Restatement, *supra,* page 315, states:

"Where there is an appeal from a judgment, the determination by the appellate court of issues actually litigated is conclusive between the parties in a subsequent action on a different cause of action."

Since the adverse parties on this appeal are the same adverse parties involved in the prior *Rauser Case,* collateral estoppel applies in this case.

Thus, since the cause of action arose in 1953, the long-arm statute, sec. 262.05 (6), which was enacted in 1959, with an effective date of July 1, 1960, is not applicable to plaintiff's action. *Rauser, supra,* pages 300, 303. The service upon the defendants Irene Finn Rauser and the First National Bank of Nevada was ineffective under sec. 262.05 (6) (c).

A further reason exists which bars the plaintiff from proceeding. The plaintiff filed a claim in the probate court in Nevada for $500,000, alleging the same two causes of action which had been presented separately in the two *Rauser Cases* before this court. She did not file a claim, in the Nevada court, for any alimony payments allegedly due her. By filing a claim plaintiff submitted to the jurisdiction of the Nevada probate court. Her claim was rejected by the estate and she did not appeal that decision. Her time for appeal has now expired, as has her time for filing a new claim against the estate.

When the plaintiff filed her claim with the Nevada court she submitted herself personally to the jurisdiction of that court. That court had jurisdiction over the subject matter as well.

It is clear that a plaintiff is barred from litigating, in this action, the issues which were litigated or which might have been litigated in the Nevada probate court. *Northwestern National Casualty Co. v. State Automobile & Casualty Underwriters* (1967), 35 Wis. 2d 237, 151 N. W. 2d 104; *Premke, supra.* Consequently, plaintiff in this case is precluded by res judicata from asserting her claim of conspiracy against the coexecutors. That issue was litigated in Nevada and cannot be raised now. No question has been raised about the validity of the Nevada probate court's final judgment. Therefore the full faith and credit clause of the United States Constitution requires that the Nevada judgment be con-

clusive on the rights of the parties in every other court. The cause of action of plaintiff was merged in the Nevada proceeding, and subsequently the cause of action is merged in every state. *Anderson v. Anderson* (1967), 36 Wis. 2d 455, 153 N. W. 2d 627. The Wisconsin court lacked jurisdiction over the Nevada coexecutors.

*By the Court.*—Order reversed with directions to dismiss the complaint as to the appellants.