152 Wis.2d 345 (1989)
448 N.W.2d 282
IN the INTEREST OF T.M.S., J.D.B. and J.W.S., persons under the age of 18: S.D.S. and K.A.S., Appellants,
v.
ROCK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.
No. 88-2331.
Court of Appeals of Wisconsin.
Orally argued June 19, 1989.
Decided September 21, 1989.
*348 For the appellants there were briefs and oral argument by Jack C. Hoag, of Janesville.
For the respondents there were briefs and oral argument by David Heitzman, assistant corporation counsel for Rock county, of Janesville.
For T.M.S., J.D.B. and J.W.S. there were briefs by McDonald & Gustafson, by Lynn L. Gustafson, guardian ad litem of T.M.S., J.D.B. and J.W.S., of Janesville.
Before Eich, C.J., Gartzke, P.J., and Sundby, J.
GARTZKE, P.J.
On July 15, 1988, the Rock County Department of Social Services petitioned the circuit court to terminate the parental rights of the mother of three children, K.A.S., and of the father of one of the three, S.D.S.[1] The children have been in foster homes since 1986 as a result of "CHIPS" proceedings in which each child was found to be in need of protection and services within the meaning of sec. 48.13(10), Stats.[2] The petitions to terminate allege that each child is in continuing need of protection and services within the meaning of sec. 48.415(2).[3] We granted the parents' petition *349 for leave to appeal from a pretrial order consolidating the termination cases for trial and granting other relief on the department's motions. We reverse the order in part.
A. PRETRIAL ORDER AND ISSUES
The pretrial order covers six matters in the termination of parental rights cases. (1) The trial court takes judicial notice of three dispositional orders in each CHIPS proceeding.[4] (2) The jury must accept as true the findings of fact made in the three dispositional orders. (3) The parents may not present evidence contesting those findings. (4) The parents may not present evidence tending to show that the department did not make a diligent effort to provide the services ordered by the court in the CHIPS proceedings, an element for termination of parental rights under sec. 48.415(2)(b), Stats. *350 (5) The department and the parents may not introduce evidence concerning events which occurred after the termination petitions were filed. (6) The three termination proceedings are consolidated for trial.
The parents raise four challenges to the pretrial order: it impermissibly grants a partial summary judgment in a proceeding to terminate parental rights; the trial court erred by using collateral estoppel or issue preclusion grounds[5] as a basis for the order; the parents should be allowed to introduce evidence regarding events occurring after the termination petitions were filed; and the trial court abused its discretion by consolidating the three cases for trial.
We conclude that the order does not purport to grant a partial summary judgment. The trial court erred by employing issue preclusion to make the factual findings recited in the CHIPS dispositional orders conclusive in the termination proceedings. The department and the parents may introduce certain evidence regarding events occurring after the petitions were filed and as to whether the department has made a diligent effort to provide court-ordered services. The court properly consolidated the three termination proceedings for trial.
*351 B. THE CHIPS DISPOSITIONAL ORDERS
The pretrial order refers to the following three dispositional orders in the CHIPS proceedings:[6]
The September 30, 1986 original dispositional order incorporates earlier findings of fact at the jurisdictional hearing in the CHIPS proceeding that, in the fall of 1985, the mother was unable for reasons other than poverty to provide necessary shelter so as to seriously endanger the physical health of the child within the meaning of sec. 48.13(10), Stats. The order transfers legal custody to the department and contains four additional findings: (1) reasonable efforts have been made to make it possible for the child to return home, but without success; (2) the conditions resulting in the removal of the child from the parental home are that the mother and stepfather[7] function mentally and behave socially on an unsatisfactory level, the child is emotionally damaged to a significant level, the emotional damage was caused by the problems of the mother and the stepfather, and the mother and the stepfather deny their longstanding mental and social dysfunctioning and refuse to cooperate voluntarily with the department; (3) the department is a suitable agency to provide services to the family, to arrange and coordinate other services, and to monitor the family situation; and (4) the permanency plan of the department dated June 23, 1986 is satisfactory to the court.
The July 7, 1987 order amends the September 30, 1986 dispositional order. It repeats the contents of the *352 previous order and adds a warning to the parents that grounds may exist under certain conditions to terminate their parental rights.
The December 21, 1987 order extends and revises the dispositional order. It contains findings of fact that (1) returning home will be contrary to the child's welfare and the child has a need for permanency which cannot be met by continuing to attempt to reunite the child with the mother; (2) the department has made a diligent effort to provide the services required by the court in the dispositional order and discontinuance of that effort is appropriate; (3) the mother and stepfather have not remedied and are not likely to remedy the conditions which resulted in the removal of the child from the home; (4) the mother is unfit to function as a parent of the child, it would be seriously detrimental to the child for the mother to have physical custody, and no conditions exist under which the court will place the child in the mother's physical custody; (5) there is no reason not to have the child adopted; and (6) the most satisfactory permanency plan is termination of parental rights and the child's adoption.[8]
C. PARTIAL SUMMARY JUDGMENT
The order before us responds to three motions by the department: to consolidate the termination cases for trial, to exclude evidence of events after the termination petitions were filed, and for partial summary judgment. The relief sought in the motion for "partial summary judgment" was findings, on the basis of the CHIPS dispositional orders and "res judicata" grounds, that the elements exist for termination of parental rights under sec. 48.415(2), Stats., and that the conditions which *353 resulted in the children's removal from their home as alleged in the termination petition are the conditions recited in the amended CHIPS dispositional order. The pretrial order grants far less relief. It provides that the jury must accept as true the "findings of fact" in the dispositional orders and precludes the parents from contesting those findings.
[1]
The motion for partial summary judgment is not authorized by sec. 802.08(1), Stats., the summary judgment statute. That statute authorizes a party to "move for summary judgment on any claim, counter-claim, cross-claim, or 3rd party claim which is asserted by or against the party." A motion to have the court find that a fact or ground exists or is beyond attack on issue preclusion or collateral estoppel grounds is not such a motion.
With one exception, sec. 802.08(1) and (2), Stats., contemplates that an appropriate motion for summary judgment results in a final judgment on a claim, counterclaim, cross-claim, or third-party claim. Section 802.08(2) provides in material part:
The [summary] judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The second sentence in subsec. (2) permits an interlocutory or nonfinal judgment only on the issue of liability. It does not authorize a "finding" that a fact does or does *354 not exist. It does not authorize an interlocutory order directing that a "fact" must be accepted as true and cannot be contested.
[2]
Although the motion for partial summary judgment was improper, we do not construe the order before us as an attempt to grant that relief. Rather, we construe it as a pretrial order of the type authorized by sec. 802.11(1)(a), Stats. We therefore reject the parents' contention that the order is an improper grant of partial summary judgment.
D. ISSUE PRECLUSION BASED ON CHIPS DISPOSITIONAL ORDERS
[3]
"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments sec. 27 (1980).
[4]
We applied sec. 27 of the restatement in Landess v. Schmidt, 115 Wis. 2d 186, 197, 340 N.W.2d 213, 219 (Ct. App. 1983). We noted that the Wisconsin Supreme Court had cited with approval the nearly identical language of Restatement of Judgments sec. 68(1) (1942). Landess at 197 n. 3, 340 N.W.2d at 219, citing Rauser v. Rauser, 52 Wis. 2d 665, 670, 190 N.W.2d 875, 878 (1971), and Premke v. Pan American Motel, Inc., 35 Wis. 2d 258, 270, 151 N.W.2d 122, 128 (1967). Whether issue preclusion applies is a question of law, Polan v. Department of Revenue, 147 Wis. 2d 648, 659, 433 N.W.2d 640, 645 (Ct. App. 1988), which we resolve without deference to the views of the trial court.
*355 The general rule stated in sec. 27 of the restatement is subject to exceptions.
Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
. . . .
(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action.. ..
Restatement (Second) of Judgments sec. 28 (1980) (emphasis added). The present case falls within the quoted exception. The trial court therefore erred when it directed that the findings supporting the CHIPS dispositional orders must be accepted as true and cannot be contradicted at the fact-finding hearing in the termination proceeding.
The Children's Code distinguishes between fact-finding hearings and dispositional hearings. A fact-finding hearing must precede a dispositional hearing in both CHIPS and termination proceedings. If a CHIPS petition is based on the grounds specified in sec. 48.13(1) to (11), Stats., or if a petition to terminate parental rights is before the court, then the court must determine at the fact-finding hearing whether the allegations in the petition "are provided by clear and convincing evidence." Sec. 48.31(1).
The court must conduct a hearing to determine the disposition of a CHIPS case in which a child has been found to be in need of protection or services under sec. 48.13, Stats., and at the hearing any party may present *356 evidence relevant to the issue of disposition. Section 48.335(1) and (3) so provide but do not specify the degree of proof required. At the conclusion of the dispositional hearing, the court must make a dispositional order in accordance with sec. 48.355. Sec. 48.335(5). Although sec. 48.355(2)(a) requires "written findings of fact and conclusions of law based on the evidence ... to support the disposition ordered," it specifies no degree of proof. Dispositional orders may be extended pursuant to sec. 48.365, subsec. (2m)(a) of which requires "findings of fact and conclusions of law based on the evidence," but again no degree of proof is specified.
[5]
Because the statutes fail to specify the degree of proof for CHIPS dispositional and extension hearings, we turn to the case law for guidance. CHIPS proceedings are civil proceedings. In Interest of S.S.K., 143 Wis. 2d 603, 611, 422 N.W.2d 450, 453 (Ct. App. 1988). The ordinary burden of proof in civil cases "requires that the [factfinder] must be satisfied to a reasonable certainty by the greater weight of the credible evidence." Kruse v. Horlamus Industries, 130 Wis. 2d 357, 362-63, 387 N.W.2d 64, 66 (1986). The middle level burden, clear and convincing evidence, is "applied in civil cases involving fraud, criminal offenses, and other culpable liability." Madison v. Geier, 27 Wis. 2d 687, 691, 135 N.W.2d 761, 763 (1965).[9]
*357 CHIPS dispositional and extension hearings emphasize the child's future well-being and family values, not culpability. The disposition must "employ those means necessary to maintain and protect the child's well-being which are the least restrictive of the rights of the parent or child and which assure the care, treatment or rehabilitation of the child and the family, consistent with the protection of the public. Wherever possible the family unit shall be preserved...." Sec. 48.355(1), Stats. We conclude that the ordinary burden, the greater weight of the credible evidence, applies to CHIPS dispositional and extension hearings.
We therefore conclude that the department has a significantly heavier burden of proof at the factfinding hearing in the termination proceedings than it had at the CHIPS dispositional proceedings. For that reason, the exception in sec. 28(4) of the restatement to the general issue preclusion rule applies.[10]
[6]
The pretrial order is reversed insofar as it requires the jury to consider as true the findings of fact in the dispositional orders of September 30, 1986 and July 7 *358 and December 21, 1987, and prevents the parents from introducing evidence in the termination fact-finding hearing contesting the earlier findings, including the finding that the department had made a diligent effort to provide court-ordered services.[11]
E. EVIDENCE OF POSTFILING EVENTS
The pretrial order on appeal is preliminary to the fact-finding hearing in the termination proceeding. Section 48.31(1), Stats., defines a fact-finding hearing as "a hearing to determine if the allegations of ... a petition to terminate parental rights are proved by clear and convincing evidence." A termination petition must set forth with specificity "a statement of the facts and circumstances which ... establish ... grounds" for involuntary termination. Sec. 48.42(1)(c)2. The department would have us conclude that in its pretrial order the trial *359 court properly excluded all evidence concerning events occurring after the termination petitions were filed. We are unconvinced, and we hold that the court erred with respect to evidence concerning the final element of a sec. 48.415(2) termination of parental rights.
One element of a sec. 48.415(2), Stats., termination is that the parent has substantially neglected, wilfully refused, or been unable to meet the conditions established for the return of the child. Sec. 48.415(2)(c). The final element is that there is a substantial likelihood that the parent will not meet these conditions in the future. Id.
To assess the likelihood that a parent will not meet certain conditions in the future may necessarily involve consideration of fresh facts occurring between the date the petition was filed and the hearing. Those facts include changes in the mental or physical health of the parent or the child or both. Failure to consider such postfiling changes could frustrate the legislative purposes of "preserving the unity of the family whenever possible," assisting "parents in changing any circumstances in the home which might harm the child or which may require the child to be placed outside the home," and providing for "termination of parental rights ... in the best interest of the child." Sec. 48.01(1)(b), (g), and (gr), Stats.
[7]
We hold that the trial court must admit evidence of postfiling events on facts relevant to the "substantial likelihood" element in sec. 48.415(2)(c), Stats. The postfiling facts may either support or be against termination. The department, the parents, or the child's guardian ad litem may present evidence of such facts or events.
*360 F. CONSOLIDATION
Although both parents appeal from the entire pretrial order, only the father argues that consolidation is improper. He is married to the mother and is the father of the youngest child. The other two children have different fathers.[12]
The father contends that he and the mother could not be joined as defendants in a single proceeding to terminate their respective rights as to all three children. He argues on the basis of that conclusion that consolidation of the three proceedings for trial cannot be ordered. He adds that great prejudice could inure to him through the jury's learning that the mother of his child is subject to two other termination proceedings.
[8, 9]
Whether consolidation for purposes of trial is permitted by our rules of civil procedure is a question of law. We decide such questions without deference to the trial court's decision. Fireman's Fund v. Pitco Frialator, 145 Wis. 2d 526, 530, 427 N.W.2d 417, 419 (Ct. App. 1988).
Section 805.05(1)(a), Stats., provides that when actions are pending before the court and might have been brought as a single action under sec. 803.04, Stats., the court may order a joint hearing or trial. The order consolidating the three cases for purposes of trial accomplished that result. The question is whether the father and the mother could have been joined as defendants in a single termination proceeding. We conclude they could.
Section 803.04(1), Stats., provides that all persons may be joined in one action as defendants if (a) there is asserted against them jointly, severally, or in the alternative, *361 any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (b) any question of law or fact common to all defendants will arise in the action.
[10]
Relief is sought against the parents severally. "[T]he standard for determining the existence of a transaction or a series of transactions [for purposes of sec. 803.04, Stats.] is the liberal test of the existence of a logical relationship between the claims." Graczyk, The New Wisconsin Rules of Civil Procedure: Chapters 805-807, 59 Marq. L. Rev. 671, 678 (1976). Since the petitions to terminate show that the father is married to the mother and all three children live with them, a logical relationship exists between the conditions affecting the three children. Because the father need not, for purposes of sec. 803.04(1), be interested in the relief sought as to the mother and her children whom he has not fathered,[13] the same transaction or occurrence element for joinder is satisfied. Various questions of historical fact will be common to the mother and father regarding their care of the three children.
[11]
We conclude that the three proceedings to terminate parental rights against the father and mother could have been brought against them in a single action under sec. 803.04, Stats.
*362 [12]
Whether to consolidate separate actions or proceedings for trial (as opposed to whether consolidation is permissible) is discretionary with the trial court. August Schmidt Co. v. Hardware Dirs. M.F.I. Co., 26 Wis. 2d 517, 523, 133 N.W.2d 352, 355 (1965). Consolidation for purposes of trial will usually be granted in the administration of justice when prejudice will not result. Id.
The trial court exercised its discretion. It found that no prejudice would result to the father from the consolidation because the jury would receive admonitory curative instructions and answer separate verdicts. We agree. Possible prejudice is presumptively erased from the jury's collective mind when instructions are properly given by the court. State v. Kennedy, 105 Wis. 2d 625, 641, 314 N.W.2d 884, 891 (Ct. App. 1981). The trial court did not abuse its discretion by ordering consolidation.
By the Court.Order affirmed in part and reversed in part.
NOTES
[1] We refer to K.A.S. as "the mother," S.D.S. as "the father," and the two together as "the parents."
[2] Section 48.13(10) gives the court exclusive original jurisdiction over a child "[w]hose parent ... neglects, refuses or is unable for reasons other than poverty to provide [the child with] necessary care, food, clothing, medical or dental care or shelter so as to seriously endanger the physical health of the child."
[3] Section 48.415 provides in material part:

Grounds for termination of parental rights shall be one of the following:
. . . .
(2) Continuing need of protection or services may be established by a showing of all of the following:
(a) That the child has been ajudged to be in need of protection or services and placed, or continued in a placement, outside his or her home pursuant to one or more court orders under s. 48.345, 48.357, 48.363 or 48.365 containing the notice required by s. 48.356(2).
(b) That the agency responsible for the care of the child and the family has made a diligent effort to provide the services ordered by the court.
(c) That the child has been outside the home for a cumulative total period of one year or longer pursuant to such orders, the parent has substantially neglected, wilfully refused or been unable to meet the conditions established for the return of the child to the home and there is a substantial likelihood that the parent will not meet these conditions in the future.
[4] Although the appeals are from the whole of the pretrial order, this part is uncontested and we affirm it without discussion.
[5] The United States Supreme Court noted in Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 77 n. 1 (1984), that discussions of the preclusive effects of former adjudication use varying and seemingly conflicting terminology. "Res judicata" usually refers to the twin concepts of "claim preclusion" and "issue preclusion." Id. Issue preclusion includes both direct and collateral estoppel and refers to the effect of a prior judgment in foreclosing relitigation of an issue of fact or law already litigated and decided. Id. Consistent with the modern trend, we will generally use the term "issue preclusion" rather than "collateral estoppel." See id; Restatement (Second) of Judgments sec. 27 and Introductory Note to ch. 3 (1980).
[6] Each of the three cases contained three dispositional orders. We have summarized the orders in the case of one child, T.M.S., noting when the orders in the other two cases differ significantly. We refer to the set of three orders on each date in the singular.
[7] The order here refers to S.D.S.
[8] In one case, an identified person is the proposed adoptive parent. In the other two, no particular person is identified.
[9] The legislature has expressly imposed the middle level burden in five instances in the Children's Code, ch. 48, Stats. Secs. 48.18(6) (hearing on waiver of jurisdiction); 48.31(1) (CHIPS fact-finding hearing based on sec. 48.13(1) to (11)); 48.31(1) (factfinding hearing on petition to terminate parental rights); 48.31(1) (fact-finding hearing on alleged violations of offenses specified in sec. 48.125); and 48.423 (hearing on father's allegations of paternity); see also sec. 48.243(1)(h) (parents have right to notice that allegations of CHIPS petition must be proven by clear and convincing evidence); cf. sec. 48.31(1) (beyond reasonable doubt standard applies to jurisdictional fact-finding hearing on delinquency under secs. 48.12 or 48.13(12)).
[10] In Landess v. Schmidt, 115 Wis. 2d 186, 199 n. 4, 340 N.W.2d 213, 219 (Ct. App. 1983), which cited with approval Restatement (Second) of Judgments sec. 28(4), a civil plaintiff had a lesser burden on an issue in an earlier action and failed to meet it. He brought a second action in which the same issue arose but as to which he had a higher burden of proof. Because he had not met the earlier and lesser burden, plaintiff was precluded from contesting in the second proceeding the same issue he had lost in the first proceeding. That situation did not fall within the sec. 28(4) exception.
[11] Our reversal of the pretrial order includes the findings of fact made at the fact-finding hearing in the CHIPS jurisdictional proceeding which the dispositional order incorporates. The facts established at the fact-finding hearing in a CHIPS proceeding under sec. 48.13(10), Stats., that the parent has neglected, refused, or been unable for reasons other than poverty to provide the child with necessary care so as to seriously endanger the physical health of the child, is not an element of or relevant to termination under sec. 48.415(2)(c). The pertinent element for termination is that "the parent has substantially neglected, wilfully refused or been unable to meet the conditions established for the return of the child to the home." Those conditions are established in the dispositional hearing in a CHIPS proceeding, not at the preceding fact-finding hearing. The burden is on the petitioner in a termination proceeding to establish by clear and convincing evidence that the parent has not met the conditions established for return of the child, not that the parent has neglected, refused, or been unable to provide the child with necessary care.
[12] The petition to terminate the rights of one of the other fathers was previously granted. The petition as to the child of the third father did not seek termination of his rights.
[13] It is immaterial under sec. 803.04(1), Stats., that a defendant is not "interested in ... defending against all the relief demanded." Accordingly, it is immaterial to the joinder issue that the father is interested in defending his rights in his child against termination and has no protectible interest in the proceedings to terminate the mother's rights to her other two children.